FILED
United States Court of Appeals
Tenth Circuit

October 4, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DONALD RAY COWAN,

        Petitioner - Appellant,

    v.

JANE STANDIFIRD, Warden,

        Respondent - Appellee.

No. 13-5025
(N.D. Oklahoma)
(D.C. No. 4:10-CV-00256-GKF-TLW)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **LUCERO**, **McKAY,** and **MURPHY**, Circuit Judges.

This matter is before the court on Donald Ray Cowan's pro se request for a certificate of appealability ("COA"). Cowan seeks a COA so he can appeal the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. 28 U.S.C. § 2253(c)(1)(A). Because Cowan has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

Following a jury trial in Oklahoma state court, Cowan was convicted on a single count of First Degree Manslaughter. The trial court sentenced Cowan to four years' imprisonment, a sentence consistent with the jury's recommendation.

The Oklahoma Court of Criminal Appeals affirmed Cowan's conviction in an unpublished summary opinion on June 17, 2009. Cowan then filed the instant § 2254 petition on April 23, 2010, generally raising the same three claims he raised in state court on direct appeal.[1] More than two years later, Cowan filed a Motion to Take Judicial Notice, which motion sought to raise several additional habeas claims. In a comprehensive order, the district court denied Cowan's Motion to Take Judicial Notice, properly construed as a motion to amend and denied, on the merits, the claims set out in Cowan's timely filed § 2254 petition. As to the motion to amend, the district court noted that none of the new claims related back to the claims set out in the initial habeas filing and, thus, the proposed claims were barred by the one-year limitations period set out in 28 U.S.C. § 2244(d)(1). Because Cowan had not offered any remotely substantial basis for equitable tolling, the district court denied, as futile, Cowan's motion to amend. As for the claims set out in Cowan's original § 2254 petition, the district court explained at length why none came close to entitling Cowan to habeas relief, whether reviewed de novo or through AEDPA's state-court-deferential lens.

---

[1]As noted in the district court's order, some aspects of these three claims of error were not properly exhausted in Cowan's direct appeal to the OCCA. The district court, nevertheless, exercised its discretion to deny relief on the unexhausted aspects of these three claims on the merits. 28 U.S.C. § 2254(b)(2).

The granting of a COA is a jurisdictional prerequisite to Cowan's appeal from the dismissal of his § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Cowan must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quotations omitted). In evaluating whether Cowan has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Cowan need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Cowan's appellate filings, the district court's Order, and the entire record before this court, we conclude Cowan is not entitled to a COA. It cannot be reasonably argued the district court abused its discretion in denying Cowan's request to add new, untimely habeas claims via a Motion to Take Judicial Notice. Likewise, the district court's merits-based denial of habeas relief on the claims set out in Cowan's petition is undisputedly correct.

Accordingly, this court **DENIES** Cowan's request for a COA and **DISMISSES**

this appeal.  All of Cowan's numerous pending motions are hereby **DENIED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge